WM. McGOWAN, &c. v. WM. BURTON.

**Husband and Wife—Sale of Property—Vendor and Purchaser.**

A husband cannot divest his wife of her interest in lands, by transferring a note given her for the purchase price thereof, in exchange for another note, the latter of which became worthless by reason of the bankruptcy of the maker of the last note.

**Same.**

The husband cannot, without the consent of his wife, evidenced as prescribed by law, pass her title to realty, nor destroy her right of retainer she holds upon the legal title to her land, to secure the payment of the purchase price.

APPEAL FROM HENRY CIRCUIT COURT.

October 8, 1870.

OPINION OF THE COURT BY JUDGE LINDSAY:

Sallie E. Burton, now McGowan, was the owner of one-third of a tract of land containing about 112 acres situated in Henry county. In the year 1865, she (being then unmarried) sold her interest in said lands to her uncle, William Burton, for five hundred and sixty dollars, to be due and payable on the 1st of March, 1866. She shortly afterwards intermarried with appellant, William McGowan, who was an infant and who did not attain his majority until the 27th of March, 1867.

Some time during the year 1866, Wm. Burton induced McGowan, who was still an infant, to surrender to him the notes he had executed to his wife for the purchase price of her land, and to accept in lieu of a balance due thereon, the joint note of his son, G. W. Burton, and one Adams, who were partners in the mercantile business.

On the 28th day of March, 1867, the day after McGowan became of age, Burton and Adams induced him to surrender to them the joint note given by them, and in lieu of the same executed to him a new note due one day after date for the sum of $177.65. Shortly after the execution of the note, Burton and Adams became insolvent and William Burton filed his petition in bankruptcy.

On the 27th of July, 1867, Sallie E. McGowan and her husband brought suit in the Henry Circuit Court setting up these facts, and asking that the land sold to William Burton be subjected to the payment of the balance due on the same as evidenced by the note of Burton and Adams, at the same time rendering to said William Burton their deed of conveyance to the land. Upon the trial of this action the court dismissed their petition and adjudged a conveyance of the land to Burton, and from that judgment they appeal.

Whether the sale to William Burton was in writing or parol, the legal title to the land remained in Mrs. McGowan, and she could only be compelled to convey when it was shown that she had received the full amount of the purchase money as agreed upon by her. Her husband, it is true, could collect or dispose of her choses in action, but he could not without her consent evidenced as prescribed by law, pass her title to realty, nor destroy the right of retainer she held upon the legal title to her land to secure the payment of the purchase price.

It is clear that the note of Burton and Adams for $177.65 is for a balance due her on the sale of her land. It has not been paid, and the Circuit Court should have subjected the land to the payment of the same, before decreeing a conveyance to William Burton. The judgment is reversed and the cause remanded for further proceedings consistent herewith.

*Pryor, for appellants.*